UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine Demetrius Miles, # 233110, | ) C/A No. 4:13-2455-TLW-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden, Perry Correctional Institution, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Jermaine D. Miles ("Petitioner"), a prisoner within the South Carolina Department of Corrections ("SCDC") prison system, submitted a § 2254 habeas corpus Petition challenging a disciplinary violation conviction that resulted in the loss of ninety days of good time credits. ECF No. 1. According to his answers to the questions on the § 2254 petition form that Petitioner was directed to complete, the disciplinary violation conviction was unsuccessfully grieved through both Steps 1 and 2 of the SCDC administrative remedies process and then appealed to the South Carolina Administrative Law Court ("ALC"). Am. Pet. 2.

The ALC dismissed two different appeals that Petitioner filed after his grievances were denied. *Id.* There is nothing in the Amended Petition showing that Petitioner appealed the ALC's decisions to the South

Carolina Court of Appeals. Rather, it appears that he filed this federal action instead of proceeding with his state court remedies after receiving the ALC's decisions.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

**DISCUSSION**

As an SCDC prisoner who is unsatisfied with the a decision rendered by the agency in his disciplinary violation proceeding, before coming into this federal court to challenge the decision under 28 U.S.C. § 2254, Petitioner was required to fully exhaust both his administrative remedies inside the agency (Steps 1 and 2), and, then, also fully exhaust his state *court* remedies. *See* 42 U.S.C. § 1997(e); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Graham v. Ray*, No. CA-05-265-7, 2005 WL 1035496 (W.D. Va. May 3, 2005). After receiving the SCDC final response to his Step 2 grievance, if the inmate is still unsatisfied, he or she must then appeal the Step 2 decision to the state Administrative Law Court (ALC) and then to the South Carolina Court of Appeals before he can be said to have fully exhausted his state court remedies for § 2254 purposes. *See* S.C. Code Ann. §§ 1-23-380(A)(1)(appeals of final agency action go to ALC); 1-23-610(B)(further judicial review of ALC decisions involving single director agencies such as SCDC go to Court of Appeals); *see also State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002)(where collateral review of state court convictions is concerned, no need to go through petition for certiorari to state supreme court to fully exhaust state remedies in federal habeas actions); *see also Ellison v. State,* 676 S.E.2d 671 (S.C. 2009) (Supreme Court will not entertain a petition for writ of certiorari (discretionary review) seeking review of a Court of Appeals decision in a Rule 242 appeal from post-conviction relief decisions); *Missouri v. State,* 663 S.E.2d 480 (S.C. 2008) (same); *Haggins v. State*, 659 S.E.2d 170 (S.C. 2008).[1]

---

[1] S.C. Code Ann. § 1-23-390 permits further judicial review by way of an "appeal" from Court of Appeals to Supreme Court "in the manner provided by the South Carolina Appellate Court Rules as in other civil cases." The applicable rule is SCACR 242. Except in limited areas not applicable here, this rule provides only discretionary review by the Supreme Court by way of a petition for certiorari. It does not provide an "appeal of right." This is the same type of Supreme Court "review" found to be "outside South Carolina's ordinary appellate procedure" for § 2254 purposes in *McKennedy*. Although prison disciplinary convictions differ from the state criminal convictions considered in *McKennedy* in that disciplinary convictions begin within the
(continued...)

It appears from his allegations that Plaintiff failed to appeal the ALC's decisions to the Court of Appeals. As a result, Petitioner failed to fully exhaust his state court remedies with regard to the disciplinary violations conviction and this court, therefore, cannot consider his Amended Petition and this case is subject to summary dismissal. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971)(federal habeas court should not retain the case on its docket pending exhaustion of state court remedies, but, absent special circumstances, should dismiss the petition); *Salama v. Virginia*, 605 F.2d 1329, 1330 (4th Cir. 1979)(same).

## **RECOMMENDATION**

Accordingly, it is recommended that the Amended Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 30, 2013
Florence, South Carolina

---

[1](...continued)
prison system and, thus, must be exhausted under the state APA statutes, any state court remedies beyond the administrative remedies required should be exhausted " in the manner provided by the South Carolina Appellate Court Rules as in other civil cases."  Accordingly, since the Supreme Court review under SCACR 242 is not required to exhaust state court remedies before collaterally attacking regular criminal convictions under *McKennedy*, in absence of binding authority to the contrary, a prisoner is not required to file a discretionary appeal to the South Carolina Supreme Court from any adverse decision issued by the South Carolina Court of Appeals to collaterally attack a prison disciplinary conviction in this court under § 2254.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).